**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **Alfredo Teran,** *on behalf of himself and all others similarly situated* ) ) ) | |
| **Plaintiff,** ) ) | |
| **v.** ) ) | **Civil Action No.** |
| **Lawn Enforcement, Inc., Jamie Walker, and Jason Braden** ) ) ) ) | |
| **Defendants.** ) | |

**VERIFIED COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Alfredo Teran (hereinafter, "Plaintiff" or "Mr. Teran"), on behalf of himself and all others similarly situated, by and through counsel, and for his Complaint against Defendants Lawn Enforcement, Inc., Jamie Walker, and Jason Braden (hereinafter, collectively "Defendants")  states and alleges as follows:

## NATURE OF THE COMPLAINT

1. Plaintiff brings this action against Defendants under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiff brings this action, on behalf of himself and all others similarly situated, against Defendant for unpaid overtime compensation, and related penalties and damages.

3. Defendants' payroll policies and practices were and are in direct violation of FLSA, 29 U.S.C. § 201, *et seq*.

4. For said violations, Plaintiff seeks, on behalf of himself and all others similarly situated,

Doc ID: 171f3e077f5c40e48f6c6ad66f69a595323a68c2

declaratory relief; compensation for work hours for which he was unpaid or underpaid, including overtime premiums for all hours worked over forty hours in a work week; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff Alfredo Teran is an adult resident of Memphis, Shelby County, Tennessee.

6. Members of the collective action and/or prospective members are those current and former non-exempt employees of Defendant Lawn Enforcement, Inc. who were not paid overtime premiums for hours worked over forty in a workweek.

7. Upon information and belief, Defendant Jamie Walker is an adult resident of Shelby County, Tennessee.

8. Upon information and belief, Defendant Jason Braden is an adult resident of Shelby County, Tennessee.

9. Defendant Lawn Enforcement, Inc. is a Tennessee-based corporation, and may be reached for service through its registered agent, Jamie Walker, 9334 Walnut Grove Road, Cordova, Tennessee 38018-7704.

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

11. Defendant Lawn Enforcement, Inc. is a legal entity incorporated in the State of Tennessee, is subject to service of process in Tennessee, and does business in the state of Tennessee. Therefore, this Court has personal jurisdiction over Defendant Lawn Enforcement, Inc.

Doc ID: 171f3e077f5c40e48f6c6ad66f69a595323a68c2

12. Defendant Jamie Walker is a resident of Tennessee and, consequently, this court has personal jurisdiction over him.

13. Defendant Jason Braden is a resident of Tennessee and, consequently, this court has personal jurisdiction over him.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff Alfredo Teran's claims occurred in this District.

## REPRESENTATIVE ACTION ALLEGATIONS

15. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt employees who were, are, or will be employed by Defendants for the period of three years prior to the commencement of this action to the present, and who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week.

16. This Complaint may be brought and maintained as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff because his claims are similar to collective action members or putative collective action members.

17. Plaintiff, collective action member, and putative collective action members are similarly situated because they worked as non-exempt employees for Defendants and were subject to Defendants' common practice, policy, or plan of failing to pay overtime wages for all hours worked over forty in a workweek.

Doc ID: 171f3e077f5c40e48f6c6ad66f69a595323a68c2

## FACTUAL BACKGROUND

18. Upon information and belief, Defendant Lawn Enforcement, Inc. is co-owned and operated by Defendants Jason Braden and Jamie Walker.

19. Plaintiff Alfredo Teran worked for Defendants during two different time periods: (1) September 2019 to December 2020, and (2) August 2021 to November 2021.

20. On or about September 1, 2019, Defendants first hired Plaintiff Alfredo Teran to work as a general laborer.

21. As general laborer, Mr. Teran's usual job duties included lawn care, landscaping, mulching, raking leaves and leaf-blowing.

22. From April to September of the years 2019, and 2020, Mr. Teran's additional lawn mowing duties caused him to regularly work an average of sixty hours per week.

23. In December 2020, Defendants fired Mr. Teran.

24. In August 2021, Defendants rehired Mr. Teran to work as a general laborer.

25. From August to September 2021, Mr. Teran's additional lawn mowing duties once more caused him to regularly work an average of sixty hours per week.

26. In November 2021, Mr. Teran voluntarily resigned from his employment with Defendants.

27. During both periods of Mr. Teran's employment, Defendants primarily paid him in cash, at an hourly rate of $16.00.

28. During both periods of Mr. Teran's employment, Defendants paid him the same hourly wage for all his hours worked, including overtime or hours worked over forty in a workweek.

29. During both periods of Mr. Teran's employment, Defendants did not pay Mr. Teran an

Doc ID: 171f3e077f5c40e48f6c6ad66f69a595323a68c2

overtime premium for all hours worked of at least one- and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

30. On one occasion, Mr. Teran requested appropriate overtime compensation from the Operations Manager of Lawn Enforcement Inc. Mr. Teran's request was dismissed because it was "not how we do it here."

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Mr. Teran realleges and incorporates all allegations above as if actually set forth herein.

32. Plaintiff and those similarly situated to him are or were employees of Defendant Lawn Enforcement, Inc.

33. At all relevant times, Defendant Lawn Enforcement, Inc. was an "employer" engaged in "commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)

34. At all relevant times, Defendants Jamie Walker and Jason Braden were "employers" within the meaning 29 U.S.C. § 203(d).

35. At all relevant times, Defendants "employed" Mr. Teran within the meaning of the FLSA, 29 U.S.C. § 203 (e)-(g).

36. The FLSA requires each covered employer, including Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

37. At all relevant times, Mr. Teran was a non-exempt employee within the meaning of the FLSA, 29 U.S.C. § 213.

Doc ID: 171f3e077f5c40e48f6c6ad66f69a595323a68c2

38. At all relevant times, Mr. Teran was entitled to an overtime premium at a rate of not less than one and one-half his regular rate of pay for work performed in excess of forty hours in a work week.

39. From April to September 2019, Mr. Teran regularly worked sixty hours each week.

40. From April to September 2020, Mr. Teran regularly worked sixty hours each week.

41. From August to September 2021, Mr. Teran regularly worked sixty hours each week.

42. For the duration of Mr. Teran's employment, Defendants willfully failed and refused to pay Mr. Teran and those similarly situated to him an overtime premium for all hours worked over forty in any given workweek.

43. As a result of Defendants' failure to compensate Mr. Teran and those similarly situated to him at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated the FLSA, 29 U.S.C. § 207(a)(1).

44. Mr. Teran explicitly requested appropriate overtime pay. Defendants denied this request because "not how we do it here."

45. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## **PRAYER FOR RELIEF**

WHEREFORE, Alfredo Teran and those similarly situated to him pray for relief as follows:

Doc ID: 171f3e077f5c40e48f6c6ad66f69a595323a68c2

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to. 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b).

6. Designation of Plaintiff Alfredo Teran as Representative Plaintiff of the putative members of the FLSA representative action.

7. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Respectfully submitted,

 s/Philip Oliphant
 Alan G. Crone, TN Bar No. 014285
 Philip Oliphant, TN Bar No. 025990
 THE CRONE LAW FIRM, PLC

Doc ID: 171f3e077f5c40e48f6c6ad66f69a595323a68c2

88 Union Avenue, 14th Floor
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

## <u>DECLARATION AND VERIFICATION</u>

I, **Alfredo Teran**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
**Alfredo Teran**

Date: _____06 / 01 / 2022_____

Doc ID: 171f3e077f5c40e48f6c6ad66f69a595323a68c2

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Revised Complaint |
| **FILE NAME** | Teran Revised Complaint  05272022.docx |
| **DOCUMENT ID** | 171f3e077f5c40e48f6c6ad66f69a595323a68c2 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

## Document History

**SENT**
**05 / 27 / 2022**
16:48:25 UTC-5

Sent for signature to Alfredo Teran (freddyteran2@gmail.com)
from jlc@cronelawfirmplc.com
IP: 173.166.195.225

**VIEWED**
**05 / 27 / 2022**
17:56:59 UTC-5

Viewed by Alfredo Teran (freddyteran2@gmail.com)
IP: 172.58.178.175

**SIGNED**
**06 / 01 / 2022**
14:04:10 UTC-5

Signed by Alfredo Teran (freddyteran2@gmail.com)
IP: 73.91.143.241

**COMPLETED**
**06 / 01 / 2022**
14:04:10 UTC-5

The document has been completed.