## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **ALFREDO TERAN, ELIBERTO PEREZ** | ) | |
| **AMBROSIO, BALTAZAR CALDERON JR.,** | ) | |
| **ISMAEL GUEL, PATRICIO MARTINEZ,** | ) | |
| **RICARDO TERAN, TRINIDAD TERAN,** | ) | |
| **XAVIER TERAN,** | ) | |
| *on behalf of themselves* | ) | |
| *and all others similarly situated,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| | ) | **Case No. 2:22-cv-02338-JTF-tmp** |
| **v.** | ) | |
| | ) | **FLSA Opt-In Collective** |
| | ) | |
| | ) | |
| **LAWN ENFORCEMENT, INC.,** | ) | |
| **JAMIE WALKER**, *individually,* | ) | |
| **and JASON BRADEN**, *individually,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION FOR RECONSIDERATION; ORDERING DEFENDANTS TO RESPOND TO PLAINTIFFS' MOTION FOR RECONSIDERATION.

Before the Court is Defendants' Motion to Strike Plaintiffs' Motion for Reconsideration, filed on May 9, 2025. (ECF No. 134.) Plaintiffs filed a Response in Opposition on May 15, 2025. (ECF No. 135.) On June 28, 2024, Defendants Lawn Enforcement, Inc. ("Lawn Enforcement") filed a motion for summary judgment, seeking dismissal of Plaintiffs' claims as time-barred. (ECF No. 86-1, 13.) On July 12, 2024, Lawn Enforcement, Braden Jason Walker[1] ("Jason Walker"), and Jamie Walker jointly filed another motion for summary judgment, making the same argument as

---

[1] The case caption incorrectly states the Defendant's name. During his deposition, he clarified that his name is "Braden Jason Walker." (ECF No. 83-3, 6.)

an alternative to their Motion to Strike Plaintiffs' Written Consent to Join Forms. (ECF No. 98, 2.)

Subsequently, Plaintiffs responded on July 24, 2024 and July 26, 2024 respectively. (ECF Nos.

101 & 106.) On August 6, 2024, Defendants replied to one of the Responses. (ECF No. 110.)

Thereafter, the Court ordered dismissal of all claims of Plaintiff Trinidad Teran as time-barred on

April 30, 2025. (ECF No. 131, 17–18.) This was followed by Plaintiffs' Motion for

Reconsideration under Fed. R. Civ. Pro. 59(e) or 60(b), filed on May 1, 2025, arguing that the

Court's April 30 Order dismissing all of Trinidad Teran's claims was a clear legal error. (ECF No.

132.) On May 9, 2025, prior to Defendants' instant motion, Plaintiffs filed a notice that their

Motion for Reconsideration should be considered under Fed. R. Civ. Pro. 54(b). (ECF No. 133.)

Now comes the Defendants' Motion to Strike. For the following reasons, it is **DENIED**.

## I.    BACKGROUND

On June 1, 2022, Alfredo Teran filed this action, pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of himself and others similarly situated.[2] He alleged

that Defendants violated the FLSA by willfully failing to pay overtime premium for all hours

worked over forty (40) in any given workweek. (ECF No. 1, 1 ¶ 1 & 6 ¶ 42.) On June 8, 2022,

Plaintiffs filed an Amended Complaint on behalf of seven new Plaintiffs, including Trinidad Teran.

(ECF No. 7.)

Plaintiff Trinidad Teran held the position of Foreman from 2017 until March, 2020. (ECF

No. 109-1, 2 ¶ 4.) In March of 2020, he was promoted to Operations Manager, for which he was

paid a salary plus a five percent commission for any sales made. (*Id.* at ¶¶ 5–7.) Until 2022, he had

---

[2] In his Complaint, Alfredo Teran alleged that this collective action was brought pursuant to 29 U.S.C. §
216(b), "on behalf of all non-exempt employees who were, are, or will be employed by Defendants for the period of
three (3) years prior to the commencement of this action to the present, and who were not compensated at one-and-
one-half times the regular rate of pay for all work performed in excess of forty hours per week." (ECF No. 1, 3 ¶
15.)

the authority to hire employees.[3] (ECF No. 107-1, 2 ¶¶ 7–8.) Trinidad Teran's deposition testimony indicates that he only fired one person during his tenure with the company.[4] (*Id.*) He was also responsible for disciplining employees, being the primary contact for employees' scheduling and work-related calls, fielding other phone calls and speaking with clients on a regular basis. (*Id.* at 3 ¶ 9.) The parties dispute whether Teran, or the Walkers (through the iPad system) set the drivers' routes. (ECF No. 109-1, 3 ¶¶ 10–11.) The Walkers jointly supervised Teran's managerial work; they met with him each morning regarding the upcoming workday. (ECF No. 108-1, 4 ¶ 5.)

On September 30, 2022, Plaintiffs filed a Motion to Conditionally Certify the Class, which the Court granted on May 18, 2023. (ECF Nos. 21 & 41.) Then, individuals not originally named in the complaint filed their consent to join forms: Blake Hurst on July 13, 2022 (ECF No. 12.); Raul A. Hernandez on September 1, 2023 (ECF No. 54.); Elder Ambrosio Perez on September 27, 2023 (ECF No. 55.); and Cesar Perez Reynoso on October 15, 2023 (ECF No. 56.). Thereafter, the eight plaintiffs (named in the amended complaint) filed their consent to join forms on July 6, 2024 or July 7, 2024.[5] (ECF Nos. 87–95.)

## II.    LEGAL STANDARD

Pursuant to Fed. R. Civ. Proc. Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Pleadings include complaints, answers to complaints, answers to counterclaims designated as counterclaims, answers to crossclaims, third-party complaints, answers to third-party complaints, and if the court

---

[3] Parties dispute the extent to which Trinidad Teran hired employees at Lawn Enforcement, and whether he fired or set wages for employees at all. (ECF No. 107-1, 2–3 ¶ 8.)

[4] While Defendants allege that "Plaintiff Trinidad hired and fired most of the Lawn Enforcement employees," Plaintiffs argue that "he only fired one person during his tenure with the company." (*Id.*)

[5] Trinidad Teran's "Notice of Filing of Consent to Joint" was filed on July 6, 2024. (ECF No. 91.)

orders, replies to answers. Fed. R. Civ. Proc. Rule 7(a); *see also Fox v. Mich. State police Dep't*,

173 F. App'x 372, 375 (6th Cir. 2006)

### III. ANALYSIS

Defendants seek to strike Plaintiffs' Motion for Reconsideration for two reasons. First, they

state that Plaintiffs' motion is not in compliance with the Local Rules. (ECF No. 134, 1.) Second,

they argue Plaintiffs' motion is redundant, immaterial, and impertinent. (*Id.* at 3.) If their motion

to strike is denied, Defendants alternatively seek leave to file a Response to Plaintiffs' motion.

(*Id.*) Plaintiffs respond Defendants' motion to strike should be denied because it is not a "pleading"

under Rule 12(f). (ECF No. 135, 2-4.)

Local Rule 7.3 permits a party, before the entry of a judgment adjudicating all of the claims

and the rights and liabilities of all the parties in a case, to move—pursuant to Fed. R. Civ. Proc.

54(b)—for the revision of any interlocutory order made by the Court. Defendants are correct that

Plaintiffs' motion was improperly brought pursuant to Fed. R. Civ. Proc. 59(e) or 60(b). However,

Plaintiffs' Notice, filed on May 9, 2025, corrects this mistake by stating that the motion is more

appropriately brought under Fed. R. Civ. Pro. 54(b).[6] (ECF No. 133.) This makes the Plaintiffs'

motion for reconsideration permissible under the Local Rules.

The Court agrees with the Plaintiffs. (*See* ECF No. 135, 2.) This is the third motion to strike

Defendants have filed in this case. On January 9, 2023, Defendants filed their Motion to Strike

Declaration of Trinidad Teran. (ECF No. 30.) The Court denied the motion on grounds that, *inter*

*alia*, "the declaration is not a pleading and pursuant to Rule 12(f) should not be stricken." (ECF

No. 40, 2.) On July 6, 2024, Defendants again filed a motion to strike, this time seeking to "strike

the Named Plaintiffs [sic] filed written consents." (ECF No. 98-1, 4.) And again, the Court denied

---

[6] Plaintiffs' Notice was filed before Defendants' Motion to Strike.

the motion finding that the notices at issue "are not pleadings and as such, are not subject to a motion to strike." (ECF No. 131, 14.) Motions for reconsideration, just like declarations and written consents, are not "pleadings" under Rule 12(f) and are not subject to motions to strike. Thus, Defendants' motion to strike is **DENIED**.

<h2 style="text-align:center">IV.    <u>CONCLUSION</u></h2>

Based on the foregoing, the Motion to Strike is **DENIED**, and Defendants are **ORDERED** to respond to Plaintiffs' Motion within seven (7) days of the entry of this Order.

**IT IS SO ORDERED**, this 19th day of May, 2025.

***s/John T. Fowlkes, Jr.***
JOHN T. FOWLKES, JR.
United States District Judge
