IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **ALFREDO TERAN, ELIBERTO PEREZ AMBROSIO, BALTAZAR CALDERON JR., ISMAEL GUEL, PATRICIO MARTINEZ, RICARDO TERAN, TRINIDAD TERAN, XAVIER TERAN,** *on behalf of themselves and all others similarly situated,*<br><br>**Plaintiffs,**<br><br>v.<br><br>**LAWN ENFORCEMENT, INC., JAMIE WALKER**, *individually,* **and JASON BRADEN**, *individually,*<br><br>**Defendants.** | Case No. 2:22-cv-02338-JTF-tmp<br><br>FLSA Opt-In Collective |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; GRANTING PLAINTIFFS' REQUESTED AMOUNT OF ATTORNEY FEES AS SANCTIONS.**

Before the Court is the Magistrate Judge's Report & Recommendation ("R&R"), filed on December 20, 2024, recommending that the Court award attorney fees as sanctions in the amount of $19,320 jointly payable by all Defendants. (ECF No. 122.) On May 21, 2024, Plaintiffs filed a Motion for Sanctions. (ECF No. 67.) The motion was referred to Magistrate Judge Tu M. Pham on June 4, 2024. (ECF No. 72.) Defendants Lawn Enforcement, Inc. ("Lawn Enforcement"),

1

Braden Jason Walker[1] ("Jason Walker"), and Jamie Walker responded in opposition on June 10, 2024. (ECF No. 75.) Plaintiffs replied on June 17, 2024. (ECF No. 78.) On July 10, 2024, an evidentiary hearing was held. (ECF No. 97.) On December 13, 2024, the Magistrate Judge entered an order granting in part and denying in part the motion for sanctions, and ordering Plaintiffs' counsel to file a declaration setting forth hours expended and hourly rates for their work on the sanctions. (ECF No. 120.) Counsel filed this declaration on December 19, 2024. (ECF No. 121.) Following this, the Magistrate Judge filed an R&R on December 20, 2024, recommending that the Court award the requested fees as sanctions. (ECF No. 122.) On January 3, 2025, Defendants filed Objections to the R&R, to which Plaintiffs responded on January 17, 2025. (ECF Nos.123 & 124.)

For the reasons provided herein, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS** Plaintiffs' requested attorney fees in the amount of $19,320 as sanctions.

## I.     BACKGROUND[2]

On June 1, 2022, Alfredo Teran filed this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of himself and others similarly situated.[3] He alleged that Defendants violated the FLSA by willfully failing to pay overtime premium for all hours worked over forty (40) in any given workweek. (ECF No. 1, 1 ¶ 1 & 6 ¶ 42.) On June 8, 2022, Plaintiffs filed an Amended Complaint, which included seven new Plaintiffs. (ECF No. 7.)

---

[1] The case caption incorrectly states the Defendant's name. During his deposition, he clarified that his name is "Braden Jason Walker." (ECF No. 83-3, 6.)

[2] After a careful review of the record and exhibits therein, the Court **ADOPTS** and **INCORPORATES** the Magistrate Judge's findings of facts from the Dec. 13, 2024 Order. (*See* ECF No. 120, 1–7.)

[3] In his Complaint, Alfredo Teran alleged that this collective action was brought pursuant to 29 U.S.C. § 216(b), "on behalf of all non-exempt employees who were, are, or will be employed by Defendants for the period of three (3) years prior to the commencement of this action to the present, and who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week." (ECF No. 1, 3 ¶ 15.)

On June 8, 2022, Plaintiffs' counsel sent a demand letter to the Defendants with a settlement offer and a request that Defendants "immediately place a 'litigation hold' on any documents or evidence, which might be evidence in subsequent litigation of their complaint and claims." (ECF No. 67-4, 3.) Thus, at a minimum, Defendants were required to hold and keep safe "emails, letters, correspondence, notes, payroll records, calendars, diaries, journals, policy manuals, text messages, or other materials and evidence related to or which might reasonably lead to the discovery of admissible evidence in this case." (*Id.*)

Plaintiffs alleged that despite numerous discovery requests, Defendants repeatedly failed to produce the requested Plaintiffs' timecards in response. (ECF No. 67-1, 3.) Thereafter, Plaintiffs sent two notices of deficiency to Defendants, and still did not receive the requested timecards. (ECF Nos. 62-3, 62-5, 62-6, and 62-10.) On March 14, 2024, Jason Walker's deposition revealed that Defendants had destroyed the relevant timecards, and created payroll schedules and payroll timesheets contemporaneously, on the advice of Lawn Enforcement's bookkeeper and CPA. (ECF No. 67-3, 5.) Following this, on March 21, 2024, Plaintiffs filed a motion for sanctions for spoliation of evidence. (ECF No. 67.)

At the evidentiary hearing on July 10, 2024, Plaintiffs produced a photograph of named Plaintiff Ricardo Teran's physical timecard that showed there was at least one week where he worked over nine and half hours overtime; Teran also testified to that effect. (ECF No. 120, 4–5.) However, the payroll timesheets produced by Defendants during written discovery reported that employees always worked forty-one hours or less. (*Id.* at 5.) Following the evidentiary hearing, the Magistrate Judge entered an order granting sanctions in the form of an adverse jury instruction and the award of costs and attorney fees, for spoliation in the form of timecard disposal that occurred after the litigation began and Defendants were put on notice of the litigation. (*Id.* at 16.)

3

In support of the request of attorney's fees, Plaintiffs' counsel submitted an Affidavit, along with a copy of billing records related to this matter. (ECF No. 121.) Counsel's affidavit states that he spent 46 hours working on this matter, and that a reasonable hourly fee for attorneys with his experience and expertise in this geographic region is $420 an hour. (*Id.* at 3 ¶¶ 17, 19.) The Magistrate Judge calculated the lodestar amount to be $ 19,320 and recommended awarding it. (ECF No. 122.)

## II.   LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

"The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge." *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). A district judge should adopt the findings and rulings of the magistrate judge

4

to which no specific objection is filed. *Brown v. Bd. Of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. Sept. 15, 2014). The district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.     DISCUSSION

Neither party has appealed the Magistrate Judge's award of sanctions to the Plaintiffs. (*See* ECF No. 120.) Thus, the only issue before this Court is whether the amount of attorneys' fee requested by Plaintiffs is reasonable. In the R&R, the Magistrate Judge concluded that $19,320 is reasonable. (ECF No. 122.) Defendants opposes the fee as unreasonable, arguing that Plaintiffs' counsel's fee request included an excessive number of hours and an extensively high hourly rate. (ECF No. 123, 3–5.) Defendants also argued that Plaintiffs did not prevail on substantial portion of the motion, and failed to file the proper supporting documents with their request for fees. (ECF No. 123, 5–7.) The Court addresses each of Defendants' objections below.

#### A. Reasonableness of Plaintiff counsels' hourly rates and hours billed given the nature of the legal services provided

To determine the amount of reasonable fee, courts multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Rckerhart*, 461 U.S. 424, 437 (1983). This two-step calculation, known as the "lodestar" amount, provides an "initial estimate of the value of a lawyer's services." *Id.* The burden to establish entitlement to an award and to document the appropriate hours expended and hourly rate is on the party seeking attorney's fees. *Yellowbrook, Inc. v. Brandeberry*, 708 F.3d 837, 848 (6th Cir. 2013) (quoting *Hensley*, 461 U.S. at 437). But the inquiry does not end at calculation of the lodestar amount. *Id.* at 434. Upon determining the lodestar amount, a court may adjust the fee upward or downward based on certain factors relevant to the particular litigation. *Adcock—Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349

5

(6th Cir. 2000). Some factors that courts have historically considered when determining a fee adjustment include the skill needed to perform the legal service properly, the time and labor required by the given case, the results obtained, and awards in similar cases. *Id.* at 349 n.8. The goal of fee departure is not to perform "auditing perfection," but to advance justice. *Fox v. Vice*, 563 U.S. 826, 838 (2011). Thus, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

Defendants raise objections to both the number of hours and the hourly rate put forth by Plaintiffs' counsel. Defendants oppose the 46 hours billed and the hourly rate of $420 as unreasonable, "given the straightforward nature of the issues involved." (ECF No. 123, 4.) They argue that Plaintiffs' counsel's billing record shows vague, duplicative, and excessive entries, particularly in relation to the preparation for the July 10 evidentiary hearing. (*Id.*) They further say that the hourly rate of $420 is "at the least, on the upper end" for attorneys practicing wage and hour law in the Western District of Tennessee, and that this Court had previously found—in *Harris v. TJX Digital, Inc.*, No. 2:21-cv-2262-MSN-tmp, 2022 WL 5 (W.D. Tenn. Apr. 19, 2022)—that a reasonable hourly rate in FLSA cases such as this one is $250 to $350 depending on the attorney's experience. (*Id.*) Both the vagueness of the entries and the excessive nature of the hourly rate, Defendants argue, fail to meet the standard under *Coulter v. Tennessee*, 805 F.2d 146, 150 (6th Cir. 1986). (*Id.*) Plaintiffs respond that the issues were anything but straightforward, Defendants are "grasping at straws," and the *Harris* case's observation was from two and half years ago, at a period of historically high inflation. (ECF No. 124, 4.)

After reviewing the Record, including the R&R, and the arguments put forth by both parties, the Court finds Plaintiffs' request for a $420 hourly rate for counsel's service to be reasonable for three primary reasons. First, counsel has been licensed to practice law for nearly

6

nineteen years; he devotes a substantial portion of his practice to employment law cases, and specifically FLSA collective actions. (ECF No. 121, 2.) Second, the hourly rate here may be slightly higher than what a court in this district found in the past, although, as Plaintiffs accurately pointed out that decision was two and half years ago, at the start of a period of historically high inflation. (*See* ECF No. 124, 4.)  However, higher fee rates for local attorneys have been approved on many occasions in this district. *See G.S. v. Lee*, No. 2:21-cv-02552-SHL-atc, 2022 WL 20512929, at *10 (W.D. Tenn. Sept. 30, 2022) (approving hourly rate of $400/hr.); *Sanders v. Shelby Cnty. Bd. of Educ.*, No. 2:19-cv-02056-JTF-cgc (W.D. Tenn. Nov. 14, 2023) (order granting in part and denying in part plaintiff's motion for attorneys' fees and costs) (same); and *Monroe v. FTS USA, LLC*, No. 2:08-cv-02100-JTF-cgc (W.D. Tenn. July 28, 2014) (order granting plaintiffs' motion for attorneys' fees) (approving hourly rate of $450/hr.) Third, Court has reviewed Plaintiff's submission and observes that the time and labor expended in connection with the sanctions motion and the evidentiary hearing appear to be reasonable and not in violation of *Coulter*. 805 F.2d at 152 (explaining that district courts have discretion in assessing the lawyer's judgment in billing for a particular number of hours based on the needs of the case). Thus, the Court finds the hourly rate and hours expended to be reasonable.

### B. Bearing of the degree of success on the amount of fees

Plaintiffs' request for sanctions based on spoliation of evidence was granted in part and denied in part; the Magistrate Judge granted relief in relation only to timecards destroyed *after* the initiation of the litigation. (*See* ECF No. 120, 13, 15.) Asserting that Plaintiffs' counsel achieved only "limited success," the Defendants argue that the full amount of fees requested is not justified. (ECF No. 123, 6.) In support, they cite to *Hensley v. Eckerhart*, 461 U.S. 424 (1983) and *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169 (6th Cir. 1990).  The Court disagrees.

*Hensley* teaches that the extent of a plaintiff's success is a critical factor in determining the proper amount of attorney fees to award under the Civil Rights Attorney's Fees Award Act. 461 U.S. at 440. But it also recognizes that claims in many cases involve a "common core of facts" or are "based on related legal theories," and "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it more difficult to divide the hours expended on a claim-by-claim basis." *Id.* at 435. The Sixth Circuit in *Wooldridge* also recognized the same limitation. 898 F.2d at 1175 ("The Supreme Court has held that a prevailing party cannot be compensated for time spent litigating unsuccessful claims to the extent such time is separable.")

The same reasoning is applicable in this case. Plaintiffs' counsel here obtained a good result for its clients, a result which may well impact the eventual outcome of the case. Rightfully, no sanctions were imposed for any pre-litigation spoliation, although it was interrelated to the post-litigation spoliation claim and not raised in bad faith.

Given the significance of the overall relief obtained here, the Court declines to make further adjustments to the lodestar based on Plaintiffs' degree of success.

**C. Plaintiffs' counsel's history of procedural errors**

Defendants argue that Plaintiffs' counsel committed procedural errors that should result in higher judicial scrutiny of his requested fees. (ECF No. 123, 6.) First, they state that counsel failed to submit an affidavit of another attorney in the community as required by Local Rule 54(b). (*Id.*) Second, they point out that counsel failed to timely file consent for named and opt-in plaintiffs, jeopardizing the claims of plaintiffs and requiring Defendants to address unnecessary procedural complications via extensive motion practice. (*Id.*)

These arguments miss the mark. Local Rule 54.1 requires the attorney requesting attorney fees to submit an affidavit or declaration of another attorney in the community who is not otherwise

8

involved in the case, setting out the prevailing rate charged in the community for similar services. But, as Plaintiffs' counsel correctly points out, this standard is applicable to a motion for attorney's fees following entry of a final judgment. The procedural posture is different here. The award of attorney fees against the Defendants are a necessary sanction prior to trial. Further, the issue of the consent to join forms is irrelevant to the imposition of sanctions relating to Defendants' spoliation of evidence. Hence, the Court declines to make any adjustments to the lodestar amount based on Plaintiffs' counsel's history in this case.

## IV.   CONCLUSION

Upon review of the time records kept by Plaintiffs' counsel in connection with the motion for sanctions, the Court finds that the fees requested by the plaintiff are reasonable. Based on the foregoing, Magistrate Judge's Report and Recommendation is **ADOPTED**, and the Court **GRANTS** Plaintiffs' requested attorney fees as sanctions in the amount of $19,320 jointly payable by all Defendants.

**IT IS SO ORDERED** this 21st day of May, 2025.

>                              *s/John T. Fowlkes, Jr.*
>                              JOHN T. FOWLKES, JR.
>                              UNITED STATES DISTRICT JUDGE