IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **ALFREDO TERAN, ELIBERTO PEREZ AMBROSIO, BALTAZAR CALDERON JR., ISMAEL GUEL, PATRICIO MARTINEZ, RICARDO TERAN, TRINIDAD TERAN, XAVIER TERAN,** *on behalf of themselves and all others similarly situated,* <br><br> **Plaintiffs,** <br><br> v. <br><br> **LAWN ENFORCEMENT, INC., JAMIE WALKER**, *individually,* **and JASON BRADEN**, *individually,* <br><br> **Defendants.** | Case No. 2:22-cv-02338-JTF-tmp <br><br> FLSA Opt-In Collective |

---

**ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.**

---

Before the Court is Plaintiffs' Motion for Reconsideration, filed on May 1, 2025.[1] (ECF No. 132.) Plaintiffs move the Court to reconsider its April 30, 2025 Order dismissing Plaintiff Trinidad Teran's collective and individual claims as time-barred. (ECF No. 131, 17–18.)

---

[1] Plaintiffs brought this motion under Fed. R. Civ. Proc. 59(e) or 60(b), which does not comply with the Local Rules. Local Rule 7.3 (permitting a party, before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, to move—pursuant to Fed. R. Civ. Proc. 54(b)—for the revision of any interlocutory order made by the Court.) However, Plaintiffs' Notice, filed on May 9, 2025, corrects this mistake by stating that the motion is more appropriately brought under Fed. R. Civ. Pro. 54(b).[1] (ECF No. 133.)

1

Defendants filed their Response in Opposition on May 27, 2025. (ECF No. 138.) On June 18, 2025, Plaintiffs filed a Reply after obtaining leave of court. (ECF Nos. 139–141.)

On June 28, 2024, Defendants Lawn Enforcement, Inc. ("Lawn Enforcement") filed a motion for summary judgment, seeking dismissal of Plaintiffs' claims as time-barred. (ECF No. 86-1, 13.) On July 12, 2024, Lawn Enforcement, Braden Jason Walker[2] ("Jason Walker"), and Jamie Walker jointly filed another motion for summary judgment, making the same argument as an alternative to their Motion to Strike Plaintiffs' Written Consent to Join Forms. (ECF No. 98, 2.) Subsequently, Plaintiffs filed their Responses on July 24, 2024 and July 26, 2024 respectively. (ECF Nos. 101 & 106.) On August 6, 2024, Defendants filed a Reply to one of the Responses. (ECF No. 110.) On April 30, 2025, the Court denied in part and granted in part Defendants' motion for summary judgment. (ECF No. 131.) As pertinent here, the Court granted Defendants' motion for summary judgment requesting dismissal of Plaintiff Trinidad Teran's claims as time-barred. (ECF No. 131, 19.)

For the reasons set forth below, Plaintiffs' Motion for Reconsideration is **GRANTED**. Upon reconsidering its April 30, 2025 Order, the Court **REAFFIRMS** its decision granting summary judgment as to Plaintiff Trinidad Teran's collective claims and his individual claims under the two-year statute of limitations but **DENIES** summary judgment as to his individual and collective claims under the three-year statute of limitations.

## I.     BACKGROUND

On June 1, 2022, Alfredo Teran filed this action, pursuant to the Fair Labor Standards Act ("FLSA"), Title 29 U.S.C. § 201, *et seq.*, on behalf of himself and others similarly situated.[3] He

---

[2] The case caption incorrectly states the Defendant's name. During his deposition, he clarified that his name is "Braden Jason Walker." (ECF No. 83-3, 6.)

[3] In his Complaint, Alfredo Teran alleged that this collective action was brought pursuant to 29 U.S.C. § 216(b), "on behalf of all non-exempt employees who were, are, or will be employed by Defendants for the period of

2

alleged that Defendants violated the FLSA by willfully failing to pay overtime premium for hours worked over forty (40) in any given workweek. (ECF No. 1, 1 ¶ 1 & 6 ¶ 42.) On June 8, 2022, Plaintiffs filed an Amended Complaint on behalf of seven new Plaintiffs, including Trinidad Teran. (ECF No. 7.)

Plaintiff Trinidad Teran ("Teran") was a Foreman for Lawn Enforcement from 2017 until March, 2020. (ECF No. 109-1, 2 ¶ 4.) In March of 2020, he was promoted to Operations Manager, for which he was paid a salary plus a five percent commission for any sales made. (*Id.* at ¶¶ 5–7.) Until 2022, he had the authority to hire employees.[4] (ECF No. 107-1, 2 ¶¶ 7–8.) Teran's deposition testimony indicates that he only fired one person during his tenure with the company.[5] (*Id.*) He was also responsible for disciplining employees, being the primary contact for employees' scheduling and work-related calls, fielding other phone calls and speaking with clients on a regular basis. (*Id.* at 3 ¶ 9.) The parties dispute whether Teran, or the Walkers (through the iPad system) set the drivers' routes. (ECF No. 109-1, 3 ¶¶ 10–11.) The Walkers jointly supervised Teran's managerial work; they met with him each morning regarding the upcoming workday. (ECF No. 108-1, 4 ¶ 5.)

On September 30, 2022, Plaintiffs filed a Motion to Conditionally Certify the Class, which the Court granted on May 18, 2023. (ECF Nos. 21 & 41.) Teran filed his signed Declaration on January 9, 2023. (ECF No. 29-1.) Individuals not originally named in the complaint filed their consent to join forms: Blake Hurst on July 13, 2022 (ECF No. 12.); Raul A. Hernandez on September 1, 2023 (ECF No. 54.); Elder Ambrosio Perez on September 27, 2023 (ECF No. 55.);

---

three (3) years prior to the commencement of this action to the present, and who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week." (ECF No. 1, 3 ¶ 15.)

[4] Parties dispute the extent to which Trinidad Teran hired employees at Lawn Enforcement, and whether he fired or set wages for employees at all. (ECF No. 107-1, 2–3 ¶ 8.)

[5] While Defendants allege that "Plaintiff Trinidad hired and fired most of the Lawn Enforcement employees," Plaintiffs argue that "he only fired one person during his tenure with the company." (*Id.*)

3

and Cesar Perez Reynoso on October 15, 2023 (ECF No. 56.). Thereafter, the eight plaintiffs (named in the amended complaint) filed their consent to join forms on July 6, 2024 or July 7, 2024.[6] (ECF Nos. 87–95.)

## II. LEGAL STANDARD

A motion for reconsideration of an interlocutory order may be granted if it complies with the requirements of Fed. R. Civ. Proc. 54(b). The Sixth Circuit recognizes that Rule 54(b) gives district courts authority to consider motions for reconsideration. *American Clothing Express, Inc. v. Cloudflare, Inc.*, No. 2:20-cv-02007-SHM-dkv, 2022 WL 3401929, at *1 (W.D. Tenn. Aug. 16, 2022). In the Sixth Circuit, reconsideration is warranted if there is a (1) intervening change of controlling law, (2) new evidence available, or (3) a need to correct a clear error or prevent manifest injustice. *Id.* Courts in the Western District of Tennessee look to Local Rule 7.3 for further guidance.

## III. DISCUSSION

In its April 30, 2025 Order, the Court granted summary judgment with respect to Trinidad Teran's individual and collective claims, finding that both claims were barred under the applicable statute of limitations. (ECF No. 131, 17–18.) Plaintiffs argue this was error and request the Court to reconsider when Teran's individual and collective FLSA claims are deemed to have commenced. (ECF No. 132, 1.) Defendants state that Title 29 U.S.C. § 216 does not allow Plaintiffs to sue in a "dual capacity"[7] and they were not on notice that Plaintiffs intended to bring a "dual capacity" suit. (ECF No. 138, 3–5.) The Court agrees with Plaintiffs that Teran's collective claims were wrongfully extinguished.

---

[6] Trinidad Teran's "Notice of Filing of Consent to Joint" was filed on July 6, 2024. (ECF No. 91.)
[7] Beyond a general statement that 29 U.S.C. § 216 does not allow Plaintiffs to sue in a "dual capacity," Defendants provide no binding authority or explanation in support.

4

The FLSA authorizes "one or more employees" to initiate suit in dual capacity "for and in behalf of himself or themselves and other employees similarly situated." Title 29 U.S.C. § 216 (b). Under the FLSA, actions for unpaid overtime compensation must be commenced within two years after the cause of action accrued. *Id.* at § 255(a); However, if a cause of action accrues out of a willful violation, it must be commenced within three years. *Id.*; *see also Frye v. Baptist Memorial Hospital, Inc.*, 495 F. App'x 669, 675 (6th Cir. 2012). Generally, a cause of action accrues under the FLSA "at each regular payday following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Frye*, 995 F. App'x at 675 (quoting *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 188 (6th Cir. 2008)). A plaintiff "commences" an FLSA suit by filing a complaint. Title 29 U.S.C. § 256; *Perry v. Hardeman Cnty. Gov't*, No. 1:19-cv-1106-STA-cgc, 2024 WL 2964833, at *3 (W.D. Tenn. June 12, 2024). The suit begins for each individual claimant on the date when a complaint is filed if the claimant is "specifically named as a party plaintiff in the complaint" and the claimant's "written consent to become a party plaintiff" is also filed with the Court. 29 U.S.C. § 256(b); *Perry*, 2024 WL 2964833, at *3. However, if the claimant is not named in the complaint or they have not filed a written consent, their action begins on the date when they do file a written consent. 29 U.S.C. § 256(b); *Perry*, 2024 WL 2964833, at *3. Plaintiffs must comply with the written consent requirement within the statute of limitations. *See Frye*, 495 F. App'x at 676.

Plaintiffs contend that the Court erred in dismissing Trinidad Teran's claims as time-barred. (ECF No. 132, 5.) They argue that his individual claims commenced on June 8, 2022 (filing of the amended complaint naming him) and his collective claims commended on January 9, 2023 (filing of his Declaration which effectively served as his consent to join the FLSA action). (*Id.* at 4.) (*See also* ECF No. 29-1.)

5

Under *Perry*, the relevant limitation period would be two years from the date of the commencement of claims if it was alleged to be a non-willful FLSA violation, but three years from the date of the commencement of claims if it was alleged to be a willful FLSA violation. *See Walsh*, 56 F.4th at 416 (explaining whether an employer has willfully violated the FLSA is a question of fact). Trinidad Teran was a non-exempt employee at Lawn Enforcement until March, 2020. He commenced his individual claims with the filing of the amended complaint naming him as a plaintiff on June 8, 2022—more than two years after the cause of action accrued. However, his signed declaration was filed on January 9, 2023 and suffices as Teran's consent to join the collective action. It includes the case caption showing him as the named plaintiff on behalf of himself and all others similarly situated; details the FLSA violations asserted in the amended Complaint and states that both he and other employees have been negatively affected by Lawn Enforcement's improper policy; demonstrates his awareness and consent that he was participating as a plaintiff in a collective action; and puts Defendants on notice of his intention to act as a named plaintiff in the collective action. *See Roby v. Lincoln Electric* Company, 534 F. Supp. 3d 863, 869 (N.D. Ohio Apr. 14, 2021). Thus, Teran's collective claims commenced on January 9, 2023, with the filing of his signed declaration indicating his consent to join. This was more than two years, but less than three years, after the cause of action accrued.

Further, Plaintiffs' statement that "the Court's conclusion that 'if the alleged violation was non-willful, [Plaintiffs'] claim would be time-barred'" is inaccurate. (ECF No. 132, 5.) (*See* ECF No. 131, 7.) As mentioned previously in the Court's April 30, 2025 Order, the collective claims for Baltazar Calderon, Jr., Ismael Guel, Patricio Martinez, Ricardo Teran, and Xavier Teran are time-barred if the alleged violation is non-willful (i.e., if the two-year statute of limitations)

6

applies.[8] As for Alfredo Teran and Eliberto Perez Ambrosio, their individual and collective claims are within either two- or three-year statute of limitations. Alfredo Teran's last working date was in November 2021 and he filed his original complaint along with a signed declaration on June 1, 2022. (ECF No. 1, 4, 8.) Eliberto Perez Ambrosio's last working date was May 18, 2022, and he filed an amended complaint naming him as a plaintiff on June 8, 2022 and a consent to join the collective action on September 27, 2023. (ECF Nos. 7, 5 ¶ 34 & 55.)

Based on the foregoing, Trinidad Teran's individual and collective claims are barred under the two-year statute of limitations, but survive under the three-year statute of limitations.

### IV.    CONCLUSION

Upon reconsideration of its April 30, 2025 Order, the Court **REVERSES** its previous Order and **DENIES** Defendants' motion for summary judgment with respect to Trinidad Teran's individual and collective claims under the three-year statute of limitations. His individual and collective claims are still time-barred under the two-year statute of limitations.

**IT IS SO ORDERED** this 30th day of July, 2025.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[8] The last working date for all the aforementioned plaintiffs was May 2022. (ECF No. 7.) They filed an amended complaint naming them as plaintiffs on June 8, 2022 and they filed their consent to join forms on either July 6 or 7, 2025. (*Id.*) (ECF Nos. 87–89 & 92–93.)