**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| ALFREDO TERAN, ELIBERTO PEREZ AMBROSIO, BALTAZAR CALDERON, JR., ISMAEL GUEL, PATRICIO MARTINEZ, RICARDO TERAN, TRINIDAD TERAN, XAVIER TERAN, <br><br>        Plaintiffs, <br><br> v. <br><br> LAWN ENFORCEMENT, INC., JAMIE WALKER, individually, and JASON BRADEN, individually, <br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:22-cv-02338-SHL-tmp |

**ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT**

Before the Court is Plaintiffs Alfredo Teran, Eliberto Perez Ambrosio, Baltazar Calderon, Jr., Ismael Guel, Patricio Martinez, Ricardo Teran, Trinidad Teran, and Xavier Teran's Motion for Entry of Judgment, filed April 6, 2026.  (ECF No. 162.)  Counsel for Plaintiffs and for Defendants Lawn Enforcement, Inc., Jamie Walker, and Jason Braden, appeared for a status conference on March 31, 2026, at which the Court ordered Plaintiffs to file a Motion for Approval of Settlement or a Motion for Judgment by April 7, 2026, if no joint motion to approve the settlement had been filed by that date.  (EFC No. 161.)

The Parties represented to the Court at the status conference that they had agreed to settle this matter for $137,500.00, but that the payment schedule had not been finalized.  The Motion for Entry of Judgment now before the Court details the terms of an agreement between the Parties and, pursuant to that agreement, Plaintiffs seek an entry of judgment of $137,500.00.  (ECF No. 162 at PageID 2079.)  According to Plaintiffs, Defendants declined to join in the

motion (see ECF No. 164), but Defendants have not filed any opposition to the motion, and their time to do so has passed.  For the reasons outlined below, the Motion for Entry of Judgment is **GRANTED**.

## BACKGROUND

On June 1, 2022, Plaintiff Alfredo Teran initiated this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., alleging that Defendants failed to pay him overtime compensation.  (ECF No. 1.)  Teran filed an amended complaint on June 8, 2022, adding the other Plaintiffs.  (ECF No. 7.)  In the amended complaint, Teran alleged that the landscaping company Lawn Enforcement, Inc., and its owners, Braden and Walker, failed to pay Plaintiffs overtime during the weeks that they worked in excess of forty hours, as is required under the FLSA for non-exempt employees.

Over the past nearly four years, the Parties have litigated the case and eventually, based on arm's length negotiations, reached an agreement as to a settlement to compensate Plaintiffs for the overtime wages that they were entitled to.  The $137,500 settlement includes $40,001.66 in attorneys' fees.  (ECF No. 162 at PageID 2080.)  Plaintiffs' counsel asserts that counsel has expended more than $92,000.00 in attorney time litigating this matter, significantly more than the amount counsel would be receiving pursuant to the settlement.  (Id.)

## LEGAL STANDARD

Congress enacted the FLSA to protect employees "who sacrifice a full measure of their freedom and talents to the use and profit of others."  Tenn. Coal, Iron & R. Co. v. Muscoda Loc. No. 123, 321 U.S. 590, 597 (1944).  An employer who engages in certain prohibited practices, like failing to pay overtime, is liable to a covered employee for back wages and liquidated damages.  See 29 U.S.C. § 216(b).  Because of the unequal bargaining power between the

parties, they can only settle a claim for back wages if (1) the Secretary of Labor supervises the payment of back wages or (2) the district court approves the proposed settlement agreement. Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2.d 1350, 1352–53 (11th Cir. 1982).  Here, the parties have agreed on a settlement.

A district court must scrutinize a proposed FLSA settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Nutting v. Unilever Mfg. (U.S.) Inc., No. 2:14-cv-02239, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014) (quoting Lynn's Food, 679 F.2d at 1355).  The court looks to both the process of achieving the settlement and its substance.  See Lynn's Food, 679 F.2d at 1354.  A fair and reasonable process is one in which the plaintiff is protected by attorneys who preserved her rights in an adversarial context.  Id.  To determine whether the compromise itself is fair and reasonable, the court looks to:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Nutting, 2014 WL 2959481, at *3 (quoting Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

## **ANALYSIS**

Based on a review of the Motion, which addresses the bulk of the Nutting factors, the Court finds that the proposed agreement is a fair and reasonable resolution of a bona fide FLSA dispute.  During the settlement negotiation process, the Parties engaged the assistance of a well-respected mediator (ECF No. 119), were protected by attorneys who preserved their rights, and settled the claims in an adversarial context, as is evidenced by the extensive motion practice the

Parties engaged in, the length of time the matter has been pending, and the experienced wage-and-hour counsel engaged by both sides.

The proposed agreement also represents a fair and reasonable compromise of the disputed issues.  Indeed, Plaintiffs assert that the records of Defendants that they evaluated actually understate the number of hours that Plaintiffs worked and thus the payments that they would be entitled to.  (See ECF No. 162 at PageID 2079.)  Moreover, after deducting attorney's fees and costs, the net recovery is $97,498.34. which "exceeds the damages supported by Defendants' records when analyzed under Plaintiffs' theory of the case and reflects a negotiated, risk-adjusted resolution of the claims at issue." (Id. at PageID 2080.)  Plaintiffs also accurately assert that there are risks and costs associated with continued litigation that can be avoided through the settlement.  (Id.)

The Court also finds no evidence of fraud or collusion.  See Nutting, 2014 WL 2959481, at *3.  Moreover, the parties have already exchanged discovery, and settlement now will avoid additional expenditures of time and resources in this case, which is long past due to be resolved, and, as the Motion explains, has already seen "substantial time, expense, and resources required to litigate this matter to its current posture." (ECF No. 162 at PageID 2080.)  The range of possible recovery is relatively fixed and defined by statute, so there is little risk that the proposed settlement will deprive Plaintiffs of a fair result.  See 29 U.S.C. § 216(b).  The terms of the agreement, as articulated by the Parties throughout this litigation, are fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion for Entry of Judgment. Plaintiffs are awarded $137,500.  Plaintiffs' request for an award of post-judgment interest pursuant to 28 U.S.C. § 1961 is premature, and is therefore **DENIED WITHOUT**

**PREJUDICE**.  To the extent Plaintiffs seek their costs of enforcement and reasonable attorneys'

fees incurred in enforcing the judgment, that request is also premature and is **DENIED**

**WITHOUT PREJUDICE**.

   **IT IS SO ORDERED**, this 24th day of April, 2026.

                                  s/ Sheryl H. Lipman
                                  SHERYL H. LIPMAN
                                  CHIEF UNITED STATES DISTRICT JUDGE